**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | : |
| | **3:17-CR-399** |
| | : |
| **v.** | |
| | : **(JUDGE MANNION)** |
| **KISON LOYD,** | : |
| **Defendant** | : |

## <u>MEMORANDUM</u>

## I.    BACKGROUND

On July 7, 2020, defendant Kison Loyd, an inmate confined at the Federal Correctional Institution ("FCI") Ray Brook, Ray Brook, New York, who is serving an aggregate 88-month federal prison sentence, (*see* November 20, 2020 Judgment, Doc. 94), filed, *pro se*, a letter Motion for Compassionate Release, under 18 U.S.C. §3582(c)(1)(A), and request for immediate transfer to home confinement, due to the COVID-19 pandemic and his alleged underlying medical conditions, namely, asthma and obesity. (Doc. 105).

Loyd does not allege that he has submitted a request compassionate release with the Warden at FCI Ray Brook before he filed his motion with the court.

On July 7, 2020, the court directed the government to respond to Loyd's motion by July 21, 2020, and, in part, to address the exhaustion issue. (Doc. 106). The government timely filed its response, (Doc. 107), on July 20, 2020.

On July 24, 2020, Loyd filed a letter addressed to the court which is construed as his reply brief. (Doc. 108). In his letter, Loyd requests the court to allow him to complete the service of his prison sentence on house arrest in the Bronx, New York, with his son and his son's mother. Loyd also alleges that he is presently in quarantine at the prison for 14 days since he was symptomatic having a loss of smell and taste.[1]

For the reasons set forth below, Loyd's motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), will be dismissed without prejudice for lack of jurisdiction due to his failure to file a request with the Warden at FCI Ray Brook and to exhaust his BOP administrative remedies under §3582(c)(1)(A)(i).[2]

---

[1]According to the BOP's website, FCI Ray Brook currently has one positive case of COVID-19 among inmates and no cases among staff as of September 1, 2020. Also, 10 inmates and 12 staff at the prison have recovered from the virus.

[2]To the extent Loyd, who is proceeding *pro se*, is liberally construed as also seeking home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement. *See* United States v. McCann, 2020 WL 1901089, *3 (E.D. Ky. April 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this

## II.    DISCUSSION[3]

The court will first consider the exhaustion issue since "18 U.S.C. §3582 (c)(1)(A) contains a threshold exhaustion requirement." United States v. Schultz, —— F.Supp.3d ——, 2020 WL 1872352, at *3 (W.D. N.Y. April 15, 2020). *See also* United States v. Gadsden, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

In its brief, (Doc. 107 at 3), the government states:

Loyd has not even attempted to request compassionate release through the administrative process as required. Accordingly, at this time, Loyd's motion is premature. Loyd is currently incarcerated at [FCI

---

provision to order that a prisoner be placed on home confinement.") (citation omitted). *See also* United States v. Logan, 2020 WL 2559955, *2 (W.D. N.C. May 20, 2020) ("The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General."); United States v. Delacruz, 2020 3405723, *4 (M.D. Pa. June 19, 2020) ("The determination of an inmate's place of incarceration is committed to the discretion of the BOP director.") (citations omitted).

[3]On November 20, 2019, the court sentenced Loyd to an aggregate 88-month sentence of imprisonment on the charges of conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), 21 U.S.C. § 846, and possession of a firearm in furtherance of a  drug trafficking offense, 18 U.S.C. §924(c)(1)(A) . (Doc. 94).

The court also notes that Loyd, who has not served 50% of his prison sentence, will be 34 in about two weeks. Loyd's PSR indicates that he reported "good physical health" to the Probation Office. (Doc. 65 at 12).

Ray Brook]. The [government] corresponded via email with a Supervisory Attorney at the Bureau of Prisons Consolidated Legal Center on July 9, 2020. Loyd has not sought—much less exhausted—his administrative remedies as required prior to seeking judicial relief. The BOP attorney confirmed through the RIS ("Reduction in Sentence") Coordinator at FCI Ray Brook who handles such requests, as well as with a Unit Team, that no record exists of an administrative request for compassionate relief submitted by Loyd.

The government states that Loyd must first present a request for compassionate release with the BOP to permit it to evaluate his circumstances in light of COVID-19. As such, the government states that "[Loyd] is not permitted to petition for judicial relief until, as the current statute provides, the BOP denies the new request and Loyd exhausts his appeals or 30 days have passed after presentation of the request to the warden without response, whichever is earlier." (Doc. 107 at 3-4).

Therefore, the government requests the court to dismiss Loyd's motion without prejudice due to his failure to have submitted a request for compassionate release with the Warden.

In his reply letter, Loyd does not challenge the government's representation that he has not requested compassionate release from the Warden and that he has not exhausted his BOP administrative remedies before he filed his instant motion.

No doubt that the court must "confirm that exhaustion is satisfied because [the Third] Circuit has held that §3582(c)(1)(A)'s exhaustion requirement is mandatory." United States v. Davidson, 2020 WL 4877255,

4

*5 (W.D. Pa. Aug. 20, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (mandating "strict compliance" with §3582(c)(1)(A)'s exhaustion requirement)). "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." United States v. Schultz, —— F.Supp.3d ——, 2020 WL 1872352, at *2 (W.D. N.Y. April 15, 2020) (citation omitted). "A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions." *Id.* (citations omitted).

"Prior to petitioning a court for relief under §3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their administrative request was filed with the warden." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020). Thus, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**.'" United States v. Harris, 812 Fed.Appx. 106, 107 (3d Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A) (emphasis original). Further, "the

5

[compassionate release] statute states that the defendant may file the motion thirty days after the warden receives his request." *Id.* (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.")).

Here, Loyd has failed to have submitted a request for compassionate release to the Warden at FCI Ray Brook. Thus, Loyd failed to meet his burden of establishing the procedural prerequisites for judicial review by showing that he has satisfied 30-day requirement contained in §3582(c)(1)(A).

As mentioned, the government represents that Loyd has not submitted a request for compassionate release with the Warden, and he has not exhausted his BOP administrative remedies, which is statutorily required. As such, Loyd's motion is premature and will be dismissed without prejudice for failure to exhaust administrative remedies. *See* United States v. Delacruz, 2020 3405723, *2 (M.D. Pa. June 19, 2020) ("Thus, where a defendant has made no request to the BOP to move for compassionate release on his behalf, a district court is without authority to consider his request for compassionate release.") (citation omitted).

Secondly, the court cannot yet determine if Loyd has demonstrated that "extraordinary and compelling reasons" warrant a reduction of his sentence since he has not exhausted his administrative remedies. *See*

6

Zukerman, 2020 WL 1659880, *2 ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence."); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in Raia, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

As the Third Circuit in Raia, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* Feiling, 2020 WL 1821457, *5 ("the Court agree[d] with the Third Circuit [in Raia] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed to exhaust the administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that

§3582(c)(1)(A) provided no authority to waive the exhaustion requirement); <u>Edwards</u>, 2020 WL 1987288, *10 n. 6 (court noted that the Third Circuit's conclusion in <u>Raia</u> that the exhaustion requirement was "non-waivable" and that the failure to exhaust administrative remedies forecloses compassionate release was not "mere 'dicta'").

## III.   CONCLUSION

Defendant Loyd's Motion for Compassionate Release and for Immediate Release to Home Confinement related to the COVID-19 pandemic, (Doc. 105), will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to his failure to have submitted a request with the Warden and to have exhausted the BOP's administrative remedies under §3582(c)(1)(A)(i). Further, insofar as defendant Loyd is seeking this court to compel the BOP to find that he is eligible for home confinement designation under the CARES Act or to transfer him to house arrest, the court will **DISMISS** it since the authority to make this determination lies with the BOP Director and not the court. An appropriate order will follow.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 22, 2020**
15-399-01

8