# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 3:17-399 |
| KISON LOYD, | : | (JUDGE MANNION)[1] |
| Defendant | : | |

## **MEMORANDUM**

Before the court is the defendant's *pro se* motion for reconsideration of his sentence, which the court will construe as being filed pursuant to 28 U.S.C. §2255, (Doc. 97). The defendant's motion is based on the Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). For the reasons set forth below, the motion will be **DENIED**.

## I.   BACKGROUND

The uncontested facts set forth in the government's response to the defendant's motion demonstrate that, on April 2, 2019, pursuant to a plea agreement, the defendant entered a plea of guilty to two counts of a seven-count indictment: Count 1 charged a violation of 21 U.S.C. §§846 and 841(a)(1), Conspiracy to Distribute and Possess with Intent to Distribute

---

[1] The instant action was originally assigned to the Honorable A. Richard Caputo. By verbal order dated March 25, 2020, the matter was reassigned.

Cocaine Base ("Crack"), and Count 5 charged a violation of 21 U.S.C. §924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Doc. 47, 51-52). Pursuant to §924(c), the defendant faced a mandatory minimum five-year sentence to run consecutive to any sentence imposed on Count 1.

On July 23, 2019, a presentence report was filed in this matter which reflected, again, that Count 5 carried a mandatory minimum five-year sentence, which must be imposed consecutive to any other sentence imposed on Count 1. An addendum to the presentence report was issued on October 15, 2019. The addendum detailed the defendant's qualification as a career offender under USSG §4B1.1. However, the addendum misstated the total guideline range. (Doc. 73). On October 25, 2019, both the United States Attorney and the defendant, through counsel, were informed of the corrected guideline range

On November 20, 2019, the defendant was sentenced to twenty-eight (28) months of incarceration on Count 1 and sixty (60) months on Count 5, which was to run consecutively, for a total sentence of eighty-eight (88) months of imprisonment. (Doc. 94). In addition, the defendant was sentenced to a four-year term of supervised release. (*Id.*)

The defendant subsequently filed the pending motion for reconsideration which the court considered as being filed pursuant to 28 U.S.C. §2255. (Doc. 97). Upon direction of the court, the government has filed a response to the motion. (Doc. 102).

II. **STANDARD**

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman,* 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph,* 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers,* 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III. DISCUSSION

In his motion, the defendant challenges his sentence in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The defendant argues that *Davis* voided §924(c)(1)(A), making his sentence invalid. The defendant states that he "would like the Court to

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers,* 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III. DISCUSSION

In his motion, the defendant challenges his sentence in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The defendant argues that *Davis* voided §924(c)(1)(A), making his sentence invalid. The defendant states that he "would like the Court to

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers,* 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III. DISCUSSION

In his motion, the defendant challenges his sentence in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The defendant argues that *Davis* voided §924(c)(1)(A), making his sentence invalid. The defendant states that he "would like the Court to

take into consideration the holding in *Davis* and that the Court does not have to sentence Defendant to a consecutive sixty (60) months or a mandatory sixty months." (Doc. 97, p. 8).

In *Davis*, the Supreme Court held that 18 U.S.C. §924(c)(3)(B)'s residual clause definition of "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. 139 S.Ct. at 2336. This was so, the Court held, since it required a "categorical" approach for determining whether an offense qualified as a crime of violence, wherein a judge would disregard how the defendant actually committed the crime and instead estimate "the degree of risk posed by a crime's imagined 'ordinary case.'" Id. at 2326.

The government argues that *Davis* is wholly inapplicable here because the defendant's conviction was predicated on a drug trafficking crime and therefore in not invalid under *Davis*. The court agrees.

The defendant was convicted under §924(c)(1)(A). Section 924(c)(1)(A) pertains to:

> "any person who, during and in relation to any crime of violence **or drug trafficking crime** (including a crime of violence or **drug trafficking crime** that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States,

uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. §924 (emphasis added).

*Davis* addressed the constitutionality of §924(c)(3)(B), and did not invalidate that portion of Section 924(c) pertaining to those who carry firearms in the course of drug trafficking crimes. Since the defendant was convicted on Count 5 of the indictment which charged a violation of §924(c)(1)(A), *Davis* is not implicated in this case. *See United States v. Elmy*, 2020 WL 94203 (M.D.Pa. Jan. 8, 2020).

Accordingly, the court will **DENY** the defendant's motion for reconsideration of his sentence. (Doc. 97). The court also finds that the defendant is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

Related to the court's decision, a petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue regrading petitioner's claim under *Davis* because he has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of this claim.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 18, 2021**
17-399-02